**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reed Tso,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Office of Navajo and Hopi Indian Relocation,<br><br>　　　　　Defendant. | No. CV-17-08183-PCT-JJT<br><br>**ORDER** |

At issue is Defendant Office of Navajo and Hopi Indian Relocation's ("ONHIR") Rule 12(b)(1) Motion to Dismiss Count II of the Complaint (Doc. 17, MTD), to which Plaintiff has filed a Response (Doc. 20, Resp.), and Defendant has filed a Reply (Doc. 23, Reply). No party requested oral argument, and the Court finds the matter appropriate for resolution without such argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court will grant Defendant's Motion and dismiss Count II of the Complaint.

**I.　　BACKGROUND**

This case stems from Plaintiff's challenge to ONHIR's final agency decision on August 17, 2016, which denied Plaintiff's application for relocation assistance benefits pursuant to the Navajo–Hopi Land Settlement Act ("Settlement Act"), Pub. L. No. 93-531, 88 Stat. 1712 (1974). Congress passed the Settlement Act in response to a land dispute between the Navajo Nation and Hopi Indian Tribes in Northern Arizona, where both tribes claimed ownership over a large area of land. Settlement Act § 1(a); *see Healing v. Jones*, 210 F. Supp. 125, 192 (D. Ariz. 1962). The Act created the Navajo and

Hopi Indian Relocation Commission ("the Commission"), and charged it with splitting the disputed land fairly and evenly between the Navajo Nation and Hopi Indian Tribe. Settlement Act § 12. The Act further required that the Commission relocate members of both tribes who, at the time, lived on land partitioned to the tribe of which they were not a member. Settlement Act § 14(a). Congress also made funds available to those tribal members who were forced to relocate, provided the relocated party met certain qualifications. Settlement Act §§ 14–15. In 1988, Congress restructured the Commission, renaming it as ONHIR. Pub. L. No. 100-666, 102 Stat. 3929 (1988).

Plaintiff is an enrolled member of the Navajo Nation who submitted his application for relocation benefits to ONHIR, pursuant to the Settlement Act, on August 31, 2010. ONHIR later denied the application, finding Plaintiff failed to satisfy the requirements for eligibility. After appealing the denial of benefits, Plaintiff was granted an administrative hearing before an Independent Hearing Officer, who affirmed ONHIR's ruling.

In his Complaint, Plaintiff seeks review of ONHIR's decision denying his application for relocation benefits, alleging that the denial was "arbitrary and capricious" and not supported by substantial evidence. Plaintiff additionally alleges that ONHIR's "actions and inactions" while reviewing and denying his application for relocation benefits violate the APA and breach ONHIR's fiduciary duty to Plaintiff. Defendant now moves to dismiss Count II of Plaintiff's Complaint for lack of subject matter jurisdiction.

**II.      LEGAL STANDARD**

"A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "Where the jurisdictional issue is separable from the merits of the case, the [court] may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving

factual disputes if necessary." *Thornhill*, 594 F.2d at 733; *see also Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction."). The burden of proof is on the party asserting jurisdiction to show that the court has subject matter jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). "[B]ecause it involves a court's power to hear a case," subject matter jurisdiction "can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

Under the Administrative Procedure Act ("APA"), a district court may review agency action. 5 U.S.C. § 706. If the court finds that that agency action was "arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence," the court may reverse or set aside the decision. 5 U.S.C. § 706(2)(a), (e). When reviewing an agency action, "the focal point for judicial review should be the administrative record already in existence." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). "As a general rule, if a petitioner fails to raise an issue before an administrative tribunal, it cannot be raised on appeal from that tribunal." *Reid v. Engen*, 765 F.2d 1457, 1460 (9th Cir. 1985).

### III. ANALYSIS

In Count II of the Complaint, Plaintiff alleges that Defendant breached its fiduciary duty to Plaintiff by failing to notify Plaintiff of his purported eligibility for relocation benefits under the Settlement Act. (Compl. ¶¶ 38–47.) Thus, Plaintiff contends that Defendant's "actions and inactions" violated the APA. (Compl. ¶ 47.)

Although the APA itself does not require a petitioner to exhaust his administrative remedies, a petitioner may only seek relief under the APA from *final* agency action on an issue. *See Darby v. Cisneros*, 509 U.S. 137, 153 (1993). This is, in part, because "the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985). It is only a rare circumstance that permits a district court to engage in *de novo* factfinding. *Id.* Thus,

courts routinely find jurisdiction lacking over claims that a petitioner failed to raise at the administrative level and over those challenges to agency action which is not yet final. *See, e.g., Reid*, 765 F.2d at 1460; *Bahe v. Office of Navajo and Hopi Indian Relocation*, No. CV-17-08016-PCT-DLR, 2017 WL 6618872, at *6 (D. Ariz. Dec. 28, 2017) ("As an initial matter, Plaintiff's [breach of fiduciary duty claim] is waived because she did not raise it during the administrative proceedings."), *appeal filed*, No. 18-15271 (9th Cir. Feb. 20, 2018).

Plaintiff neither alleges in his Complaint, nor argues in his Response that he raised the claims in Count II before ONHIR. And the Court finds no evidence in the record to support such an allegation or argument if one had been made. (Doc. 18, R.) This Court lacks jurisdiction to adjudicate Plaintiff's claim because ONHIR has not taken final agency action on the issue.[1] Moreover, to the extent that the Complaint attempts to challenge ONHIR's "inactions" under § 706(1), Plaintiff's claim fails as a matter of law. Under § 706(1), a petitioner may "assert[] that an agency failed to take a discrete agency action that it is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). However, the APA only authorizes that the Court "compel" that "legally required" action. *Id.* at 63 (citing 5 U.S.C. § 706(1)). Here, Plaintiff is undoubtedly aware of his potential eligibility for benefits under the Settlement Act and ONHIR has adjudicated his application. Accordingly, no such "legally required" action remains for this Court to compel and Plaintiff's claim thus fails.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 17).

. . . .

. . . .

. . . .

. . . .

---

[1] Although the Court, in rare cases and under "exceptional circumstances," may exercise jurisdiction over an issue not raised before the agency, *Getty Oil Co. v. Andrus*, 607 F.2d 253, 256 (9th Cir. 1979), this is not such a case.

**IT IS FURTHER ORDERED**, that Defendant is to file an answer to the remaining Count I of the Complaint on or before August 2, 2018. All other aspects of this Court's September 27, 2017 Order (Doc. 9) remain in effect.

Dated this 12th day of July, 2018.

_____
Honorable John J. Tuchi
United States District Judge